IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERRY WOODBERRY,<br><br>    Plaintiff,<br><br>v.<br><br>MEAD INTERNATIONAL, INC.<br>d/b/a IHOP and AMEL EAD,<br><br>    Defendants. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Sherry Woodberry, by and through undersigned counsel, and hereby files this Complaint for Damages against Defendants Mead International, Inc. d/b/a IHOP and Amel Ead (collectively, "Defendants"), as follows:

## INTRODUCTION

1.

During their employment of Plaintiff, Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA"), by wrongfully withholding Plaintiff's first and last paycheck and thereby failing to compensate Plaintiff at the minimum wage rate for each hour worked during those

1

pay periods. As a result of Defendants' FLSA violations and failure to pay wages at the rate promised, Plaintiff is seeking unpaid minimum wages, unpaid regular wages, liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) and (c) because the acts giving rise to this Complaint occurred within this District, and because this Court has personal jurisdiction over Defendants.

## PARTIES

4.

Plaintiff Sherry Woodberry is an individual and a resident of the State of Georgia. At all times material hereto, Plaintiff was a non-exempt "employee" of Defendants for purposes of the FLSA.

5.

At all times material hereto, Plaintiff handled, sold, and/or worked on goods or materials that have been moved in or produced for commerce and was thus engaged in commerce during her employment with Defendants.

6.

Defendant Mead International, Inc. d/b/a IHOP ("IHOP") is a corporation organized under the laws of Georgia, with a principal office address of 920 Market Place Boulevard in Cumming, Georgia 30041.  IHOP may be served through its registered agent, Mahmoud M. Ead, at 2259 Hill Creek Way, Marietta, Georgia 30062.

7.

At all times material hereto, IHOP was an "employer" of Plaintiff for purposes of the FLSA, and IHOP is jointly and severally liable to Plaintiff for damages under the FLSA.

8.

Defedant Amel Ead ("Ead") is an individual and a resident of the State of Georgia. On information and belief, Ead resides and may be served at 2259 Hill Creek Way, Marietta, Georgia 30062.

9.

At all times material hereto, Ead exercised control over significant aspects of IHOP's operations, including the hiring, firing, training, scheduling, discipline, and compensation of IHOP employees and the conditions of those employees' employment. Additionally, Ead played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Ead was an "employer" of Plaintiff for purposes of the FLSA, and Ead is jointly and severally liable with IHOP to Plaintiff for damages under the FLSA.

10.

At all times material to this action, Defendants were Plaintiff's "joint employer" for purposes of the FLSA due to an arrangement between Defendants to share the services of Plaintiff, and/or because one Defendant acted directly or indirectly in the interest of the other Defendant in relation to Plaintiff, and/or because the Defendants shared control over Plaintiff's employment, and/or because one Defendant controls the other Defendant.

11.

At all times material hereto, IHOP had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. IHOP's annual gross volume of sales made or business done was at least $500,000.00 during Plaintiffs' employment. Thus, IHOP was an enterprise

engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

## FACTUAL ALLEGATIONS

12.

Plaintiff worked for Defendants for approximately three months before she resigned in late July 2018.

13.

Defendants hired Plaintiff as a cook and promised to pay her at the hourly rate of $12.

14.

Defendants maintain a practice of withholding their employees' first paycheck.

15.

Although Plaintiff performed work during her first pay period, Defendants failed to ever compensate Plaintiff for this "week in the hole."

16.

Because Plaintiff received no compensation for the work performed in her first pay period, Defendants failed to pay Plaintiff at the minimum wage rate for each hour worked in a work week.

17.

Defendants maintain a practice of withholding their employees' final paycheck when those employees resign without notice.  Defendants inform these employees that they will receive their last paycheck if they come back to work.

18.

When Plaintiff resigned without notice on or about July 28, 2018, Defendants initially refused to pay Plaintiff for any work performed in her final pay period.

19.

After Plaintiff repeatedly demanded her final paycheck from Defendants, Defendants ultimately paid Plaintiff for 8.6 hours of work performed in her final pay period.

20.

Because Plaintiff worked significantly more than 8.6 hours in her final pay period, Plaintiff's final paycheck was insufficient to compensate her at the minimum wage rate for each hour actually worked.

21.

Plaintiff received her final paycheck at least one week after Defendants' regular pay day.

22.

On information and belief, Defendants at times altered Plaintiff's time records after the fact by unilaterally changing Plaintiff's clock-in and clock-out times in Defendants' timekeeping and payroll systems to avoid paying Plaintiff for all hours actually worked by her.

23.

During at least one pay period, Defendants paid Plaintiff at the hourly rate of $10.00, instead of her promised wage rate.  Defendants subsequently issued Plaintiff a supplemental check for the missing pay withheld initially, but only after Plaintiff confronted Defendants about the underpayment.  On information and belief, Defendants intentionally attempted to lower Plaintiff's pay without notice and without her consent.

24.

Defendants knowingly suffered or permitted Plaintiff to work without compensating Plaintiff at the required minimum wage rate for each hour worked.

25.

Defendants failed to make, keep, and preserve accurate records sufficient to determine the number of hours actually worked by Plaintiff.

26.

Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff.

27.

As a result of Defendants' refusal to pay Plaintiff, Plaintiff had to seek the assistance of counsel.

28.

Before initiating the instant suit, Plaintiff attempted to resolve her FLSA and breach of contract disputes with Defendants; however, Defendants refused to pay Plaintiff the unpaid wages owed to her.

29.

By unjustifiably refusing to compensate Plaintiff for her work at the rate agreed upon or the required minimum wage rate, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

### COUNT I:  FLSA VIOLATION (MINIMUM WAGE)

30.

Plaintiff realleges and incorporates Paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31.

At all times relevant hereto, Plaintiff was a non-exempt employee for purposes of the FLSA. Thus, Defendants were obligated to pay Plaintiff at a rate not less than the minimum wage rate of $7.25 per hour.

32.

Defendants failed to pay Plaintiff for the worked performed in her first pay period.

33.

Defendants' partial payment to Plaintiff for the worked performed in her final pay period was insufficient to compensate Plaintiff at the minimum wage rate for each hour worked.

34.

By failing to properly pay Plaintiff in accordance with § 206 of the FLSA, and by failing to make, keep, and preserve records sufficient to determine Plaintiff's wages and hours, despite knowledge of her status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

35.

As a result of Defendants' willful violations of the FLSA's minimum wage provisions, Plaintiff is entitled to damages, including, without limitation, unpaid

wages sufficient to compensate Plaintiff at the minimum wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

**COUNT II:  BREACH OF CONTRACT (UNPAID WAGES & GAP PAY)**

36.

Plaintiff realleges and incorporates Paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37.

Defendants agreed to pay Plaintiff an hourly wage of $12.00 for each hour worked.

38.

By failing to pay Plaintiff for each hour worked at the agreed-upon amount of $12.00 per hour, Defendants breached their agreement with Plaintiff.

39.

As a result of Defendants' breach of contract, Plaintiff is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

**COUNT III:  ATTORNEYS' FEES AND EXPENSES**

40.

Plaintiff realleges and incorporates Paragraphs 1 through 39 of this Complaint, as if fully set forth herein.

41.

As set forth above, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

42.

As a result of Defendants' conduct as set forth herein, and pursuant to O.C.G.A. § 13-6-11, Defendants should be required to reimburse Plaintiff for the attorneys' fees and costs incurred to prosecute this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

(a) Enter judgment in favor of Plaintiff and against Defendants for all damages and relief allowed by law, including but not limited to actual and liquidated damages;

(b) Award Plaintiff litigation expenses and costs against Defendants, including attorneys' fees, pursuant to applicable state and federal law; and

(c) Grant such other and further relief as this Court deems just and proper.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted this 13th of December 2018.

                                          **COHAN LAW GROUP, LLC**

                                          ***/s/ Michelle L. Wein***
                                          LOUIS R. COHAN
                                          Georgia Bar No. 173357
                                          MICHELLE L. WEIN
                                          Georgia Bar No. 385424
                                          3340 Peachtree Rd. NE, Ste. 2570
                                          Atlanta, Georgia 30326
                                          (404) 891-1770 (telephone)
                                          (404) 891-5094 (facsimile)
                                          lcohan@cohanlawgroup.com
                                          mwein@cohanlawgroup.com