IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERRY WOODBERRY, | |
| Plaintiff, | Case No. <u>1:18-cv-05696-WMR</u> |
| v. | |
| MEAD INTERNATIONAL, INC. d/b/a IHOP and AMEL EAD, | |
| Defendants. | |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Sherry Woodberry ("Plaintiff") and Defendants Mead International, Inc. d/b/a IHOP and Amel Ead (collectively, "Defendants") hereby jointly request that the Court approve the parties' settlement of the above-captioned matter.

This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 <u>et seq.</u>, as amended (the "FLSA"). Therefore, the parties' settlement must be approved by this Court, and said approval must be entered as a stipulated final judgment. <u>Lynn's Foods Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352 (11th Cir. 1982); <u>Silva v. Miller</u>, 307 Fed. Appx. 349 (11th Cir. 2009). The parties jointly agree and propose to this Court that their settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." <u>Lynn's Food Stores</u> at 1355. In further support of this Joint Motion, the parties show as follows:

## I.    FACTUAL BACKGROUND

Plaintiff alleges that Defendants failed to pay her for certain work performed while an employee of Defendants. On December 13, 2018, having failed to resolve her dispute with Defendants informally, Plaintiff filed the above-captioned action against Defendants alleging breach of contract and a violation of the FLSA's minimum wage provisions. [Doc. 1]. Defendants denied Plaintiff's allegations of wrongdoing. Thereafter, arms-length negotiations occurred between Plaintiff and Defendants, and the parties reached a settlement in which both sides compromised their respective positions in order to avoid any continued litigation.

The parties' Settlement Agreement and Release of All Claims (the "Settlement Agreement") is attached hereto as Exhibit A. The parties state and agree that the terms and conditions of the settlement are fair, reasonable, and in the best interest of the parties. The parties have entered into the Settlement Agreement because it reflects a reasonable compromise of the parties' disputed issues and any actual or potential claims. If approved, the Settlement Agreement will provide Plaintiff with monetary consideration without the risk that she will recover nothing in this action or that any verdict will be overturned on motion or appeal by Defendants.

## II.   CITATION OF AUTHORITY

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the

amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . ..." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945).

There are two ways in which claims under the FLSA can be settled and released by employees. Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the employer's payment of unpaid wages is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c); and Lynn's Food Stores, 679 F.2d at 1353. In the context of a private lawsuit brought by an employee against his or her employer under Section 216(b) of the FLSA, as in the present case, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. Id.

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. Lynn's Food Stores, 679 F.2d at 1354-55. If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute,"

the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

In regard to the circumstances which justify court approval of a settlement under the FLSA, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354. The circumstances present in the instant action justify the Court's approval of the parties' settlement to resolve and release Plaintiff's FLSA and other claims against Defendants.

The proposed settlement arises out of an adversarial action initiated by Plaintiff against parties and persons she alleges are her former employers. Defendants deny that Plaintiff is owed unpaid wages, liquidated damages, attorneys' fees, or any other relief, but Defendants agree to the terms of the parties' settlement for purposes of resolving this action and avoiding further expense. Thus, this case involves a bona fide dispute as to whether Plaintiff is owed any relief under the FLSA. The parties agree

that the proposed Settlement Agreement reflects a reasonable compromise of those disputed issues.

During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.  Plaintiff and her counsel discussed Plaintiff's alleged unpaid wages with Defendants and defense counsel, and the parties formulated their own proposed settlement figures.  The parties then engaged in settlement discussions, based upon their independent calculations. The parties, through their attorneys, voluntarily agreed to the terms of the settlement during arms' length negotiations, in good faith. All parties were counseled and represented by their respective attorneys throughout the litigation and the settlement process.  The parties negotiated an agreement as to the Plaintiff's recovery separately from the consideration of the fees of Plaintiff's counsel.

## III.  <u>CONCLUSION</u>

Based upon the foregoing, Plaintiff and Defendants jointly and respectfully request that the Court enter an Order approving the settlement.  A proposed order is submitted herewith for the Court's consideration.

Respectfully submitted this 18th day of February, 2019.

[SIGNATURE PAGE FOLLOWS]

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*
LOUIS R. COHAN
Georgia Bar No. 173357
MICHELLE L. WEIN
Georgia Bar No. 385424
3340 Peachtree Rd. NE, Ste. 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com
*Counsel for Plaintiff*

**FISHER & PHILLIPS LLP**

*/s/ Edward N. Boehm, Jr.*
EDWARD N. BOEHM, JR.
Georgia Bar No. 183411
1075 Peachtree St. NE, Ste. 3500
Atlanta, Georgia 30309
Telephone: (404) 231-1400
tboehm@fisherphillips.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served all parties with the foregoing ***Joint Motion for Approval of FLSA Settlement*** via the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

>Edward N. Boehm, Jr.
>Fisher & Phillips LLP
>1075 Peachtree St. NE, Ste. 3500
>Atlanta, Georgia 30309
>tboehm@fisherphillips.com

This 18th day of February, 2019.

>*/s/ Michelle L. Wein* _____
>MICHELLE L. WEIN

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made by and between Amel Ead and Mead International, Inc. (collectively the "Company") and Sherry Woodberry ("Plaintiff").

## RECITALS

WHEREAS, Plaintiff filed a lawsuit against the Company on December 13, 2018 in the United States District Court for the Northern District of Georgia, with the lawsuit having case number 1:18-cv-05696 (the "Lawsuit").

WHEREAS, Plaintiff asserted claims against the Company in the Lawsuit under the Fair Labor Standards Act of 1938 ("FLSA") and based on a state law breach of contract theory,

WHEREAS, the Company denies any violations of law and denies any liability to Plaintiff,

WHEREAS, parties hereto wish to resolve certain claims asserted in the Lawsuit and settle these claims in a manner that will avoid the need for further litigation of those claims,

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

1.      **Consideration.**  The Company agrees to pay the total sum of One Thousand Two Hundred Fifty-Three Dollars ($1,253.00) in consideration for Plaintiff's compliance with her obligations under this Agreement.  The consideration shall be paid as follows:

(i)      $325.42 to Plaintiff for backwages allegedly due under the FLSA. This payment shall be made subject to applicable withholdings and deductions.

(ii)     $100.00 to Plaintiff for backwages allegedly due under state law contract theory. This payment shall be made subject to applicable withholdings and deductions.

(ii)     $827.58 to the Cohan Law Group, for attorneys' fees and costs. This represents payment for all fees and costs incurred by Plaintiff's counsel through payment of the consideration set forth in this Section and dismissal of the Lawsuit as set forth in Section 5 below.  Except as provided herein, Plaintiff specifically understands and agree that she will be responsible for all fees and costs owed to her attorneys or to anyone else engaged by her for any reason related to the Lawsuit.

The payments above shall be made within seven (7) calendar days of the Court's Approval Order, pursuant to the parties' motion for approval of settlement to be filed with the U.S. District Court for the Northern District of Georgia no later than seven (7) calendar days from the date of execution of this Agreement.  The payments shall be made by delivery of payment to Plaintiff's counsel's office by the date provided in this Agreement.

Plaintiff acknowledges that, but for the execution of this Agreement, she would not be entitled to receive this monetary consideration or other consideration provided for in this

Agreement. Plaintiff agrees to pay any and all taxes, interest or penalties determined by appropriate taxing authorities to be owed by them, and Plaintiff will hold harmless and indemnify the Company against the assertion of any claim for any such taxes, assessments, or related interest or penalties.

Plaintiff further agrees that the consideration stated herein fully compensates her for any and all alleged back wages, minimum wages, overtime wages, damages, attorneys' fees, and costs, and that she neither seeks nor is entitled to any further wages, pay, overtime compensation, attorneys' fees or relief. The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

2.      **Court Approval.** Within seven (7) calendar days of the execution of this Agreement the parties will file with the U.S. District Court for the Northern District of Georgia in *Sherry Woodberry v. Mead International, Inc. et al*, 1:18-cv-05696-WMR a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto. The parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Plaintiff's counsel is required to petition the Court for approval of the reasonableness and amount of the attorneys' fees and costs to be paid under this Agreement, the Company does not oppose and agrees not to oppose the amount of Plaintiff's attorneys' fees as stated in Section 1 above.

3.      **Releases.** In exchange for the payments set forth above, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiff hereby **RELEASES, REMISES, AND FOREVER DISCHARGES** the Company, its former and current trustees, officers, administrators, agents, attorneys, employees, personally and in their respective capacities, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to her which she may now have against them, either individually, jointly, or severally, her individual claims under the Fair Labor Standards Act for payment of hours worked up to the date of this Agreement, all liquidated damages that Plaintiffs may be entitled to under the FLSA, all attorney's fees that Plaintiff may be entitled to under the FLSA, all other claims asserted under state law in the Lawsuit, and all other claims relating to payment of wages, compensation, and/or overtime .

4.      **Parties Released.** Plaintiff acknowledges that this Agreement and the release provision in Section 3 above apply to and protect in all respects the Company, including past, current and future parent companies, related companies, successors and assigns, owners, officers, directors, agents, employees, and insurers of any such entity.

5.      **Filing of Notices of Dismissal With Prejudice**. Within seven (7) days of receipt of the consideration set forth in Section 1, Plaintiff shall file a Notice of Dismissal With Prejudice with the Court.

6.      **No-Reemployment**. Plaintiff understands that, as part of this settlement, she has waived any right or claim to reinstatement and she will not apply for a job with any business owned

by the Company in the future.  If Plaintiff does apply for employment, the Company will have the unconditional right to refuse her employment based upon this Agreement

**7.    Modification.**  No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by Plaintiff and the Company.  This Agreement constitutes a single, integrated written agreement containing the entire understanding between Plaintiff and the Company regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

**8.    Non-Admissions.**  This Agreement does not constitute an admission by any party to the Agreement that they have violated any law or statute and all parties specifically deny any such violation occurred.

**9.    Severability and Waiver**.  The parties agree that the covenants of this Agreement are severable and that if any single clause or clauses shall be found unenforceable, the entire Agreement shall not fail but shall be construed and enforced without any severed clauses in accordance with the terms of this Agreement.  The parties also agree that any failure by any party to enforce any right or privilege under this Agreement shall not be deemed to constitute waiver of any rights and privileges contained herein.  The terms of this Agreement is to be construed under the laws of the State of Georgia.

**10.    Voluntary and Knowing.**  This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the parties thereto.

**11.    Extension of Time.**  The parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**12.    Binding Agreement.**  This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**13.    Entire Agreement.**  This Agreement constitutes the entire agreement of the parties concerning the subjects included herein.

**14.    Certification.**  The signatories to this Agreement certify that they are authorized to sign on behalf of their respective parties.

**15.    Counterparts.**  The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the parties had signed the same instrument.

**16.    Time is of the Essence.**  Time is of the essence as to every provision of this agreement.

**PLAINTIFF:**

_____

Sherry Woodberry

Date:  _____


**DEFENDANTS:**

**MEAD INTERNATIONAL, INC.**

By: _____

Title: _____

Date: _____


_____

Amel Ead

Date_____

**PLAINTIFF:**

Sherry Woodberry
Date: 2-14-2019

**DEFENDANTS:**

## MEAD INTERNATIONAL, INC.

By: _____ Amel Ead _____
Title: _____ Operator _____
Date: _____ 2/17/2019 _____

_____
Amel Ead
Date_____